274

### Ex parte Juan Oropesa Rolón, Petitioner.

No. 117. Argued July 11, 1939.—Decided July 14, 1939.

*Víctor Rivera Colón,* for petitioner. *R. A. Gómez, Prosecuting Attorney,* and *Luis Janer, Assistant Prosecuting Attorney,* for ap-appellee.

Mr. Chief Justice Del Toro delivered the opinion of the Court.

Juan Oropesa Rolón, through his attorney, filed a petition for a *habeas corpus* before this Court. The writ issued. The Acting Warden of the Insular Penitentiary, Félix Rodulfo Rivera, appeared with the body of the petitioner and delivered his return to the writ, from which it appears that Juan Oropesa Rolón is in his custody by virtue of two sentences of the District Court of Arecibo, the first for murder, imposing eleven years in the penitentiary and the second for an attempt to kill, imposing a year and six months in the penitentiary, the accused then being serving the first.

The fundamental basis of the petition for discharge is the fact that both these sentences were rendered after a plea of guilty had been entered when the accused was not represented nor the court granted him the aid of counsel, a fact which was corroborated by the evidence adduced before this

Court. The prosecuting attorney who was present, agreed to the petition.

 Starting from the decision of this Court in *Ex parte Hernández,* 54 P.R.R. 396, in which by means of a *habeas corpus* proceeding the release of the petitioner was granted because he had been convicted without having been represented by an attorney and without having intelligently waived his constitutional right to be so represented, a great many of these cases have been brought not only to this Court but also before the judges individually, almost all having been decided in favor of the petitioners.

The situation brought forth is serious. It appears that the courts have step by step forgotten fully to comply with their duties, caused by the apparent abandonment of their rights by persons accused, who appear before them and plead guilty to the crimes charged to them.

A confession is complete evidence and based on a confession, in most cases, a correct judgment may be rendered, but in order that a plea of guilty be made in good conscience and the spirit of the law be applied correctly and in its due extent, it is necessary that the accused be previously aided by an attorney, who is the expert capable of going to the essence of the facts and the concurrent circumstances in view of the law and the jurisprudence, in order to advise him in an appropriate manner.

There is no doubt that the courts have a great deal of work and that attorneys have many obligations, but these reasons cannot be accepted as just cause for a noncompliance with the law in a question which involves the respect due to the rights of others, which is the basis of our government.

If courts of justice proceed with the necessary calmness, persistency, and devotion and have the necessary organization and keep a record of attorneys and their turn to defend poor defendants in criminal cases, that which appears com-

plicated and perhaps impossible, would turn into something simple and relatively easy. And if practicing attorneys should cooperate nobly and decidedly, the problem would be solved.

Perhaps it will be convenient to remember that few opportunities present themselves to competent, conscientious and industrious young lawyers to succeed, show their worth and the amount of their knowledge, talent and loyalty, such as taking charge of the defense not only in criminal cases but also in civil cases, of people who have no means, who are ignorant of their rights and who find themselves involved in legal proceedings in courts of justice due to their own acts, the acts of others or due to complex situations wherein liability is divided.

Not only will they find here the means of putting their theoretical knowledge into practice but also they will get close to the human heart in its moments of passion, and by observing its actions and reactions will acquire directly that knowledge of human nature which will be so useful later to understand and elucidate conflicts between men the decision of which will be left to their knowledge.

Returning to the facts of the case, we will say that studied in the light of the law and the repeated and recent decisions of this Court, the discharge of the petitioner must be ordered, without prejudice to any decision that may be taken by the prosecuting attorney within the law, in order that, if the petitioner in fact committed the crimes of which he was accused, and is responsible thereof, he be punished for them.

Mr. Justice Wolf agrees with the result.

Mr. Justice Travieso took no part in the decision of this case.